UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

NICOLE A. BERG,

   Plaintiff,

v.

BCA FINANCIAL SERVICES, INC.,

   Defendant.
_____/

# COMPLAINT
# JURY DEMAND

1.   Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2.   This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k.  Venue in this District is proper because Plaintiff resides here and Defendant sent letters into this District.

## PARTIES

3.   Plaintiff, NICOLE A. BERG, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, BCA FINANCIAL SERVICES, INC., is a corporation and citizen of the State of Florida with its principal place of business at Suite 462, 18001 Old Cutler Road, Miami, Florida 33157.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. On or about May 5, 2010, Defendant sent Plaintiff a collection letter, see attached Exhibit "A", seeking to collect an alleged debt incurred for medical purposes. Plaintiff received it shortly thereafter.

10. The May 5th letter is Defendant's initial communication with the consumer, and the letter notified Plaintiff about her rights to dispute the validity of the debt and request verification thereof. The statute affords Plaintiff 30 days from her receipt of the letter to dispute the validity of the debt and request verification thereof.

11. On or about May 27, 2010, Defendant sent a second letter to Plaintiff, see attached Exhibit "B".

12. Defendant's May 27, 2010 letter overshadows the initial communication period with the consumer, and is inconsistent with the disclosure of the consumer's rights to dispute the debt, because it demands immediate payment without advising Plaintiff whether or not her right to dispute the debt and request verification thereof had not lapsed.

## COUNT I
## OVERSHADOWING LETTER

13. Plaintiff incorporates Paragraphs 1 through 12.

14. Defendant, by sending its May 27, 2010 letter, which overshadows the initial communication period with the consumer and is inconsistent with the disclosure of the consumer's rights to dispute the debt, engaged in collection activities in violation of 15 U.S.C. §1692g(b).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com


By: s/ Donald A. Yarbrough
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658